1 BENJAMIN B. WAGNER
United States Attorney
2 RICHARD J. BENDER
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95831
4 Attorneys for Plaintiff
United States of America
5

6                    IN THE UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,                 CASE NO.  2:10-CR-0395 LKK

10                         Plaintiff,          STIPULATION CONCERNING TERM OF
                                              SUPERVISED RELEASE IN SENTENCE OF
11             v.                             DEFENDANT LUIS EDUARDO SANCHEZ;
                                              ORDER
12  LUIS EDUARDO SANCHEZ,

13                         Defendants.

14

15        This matter came on for sentencing in open court on August 5, 2014.  The defendant was present

16  with his attorney Edward R. Ramirez, Jr., and the United States was represented by Assistant U.S.

17  Attorney Richard Bender.  At that time the Court orally imposed a sentence as to defendant Luis Eduardo

18  Sanchez of six months in custody of the Bureau of Prisons (BOP) followed by a three year term of

19  supervised release (TSR).   This was done at the in-court suggestion of the Probation Officer as opposed

20  to the suggestion of government counsel which was, three-years Probation including a condition of six

21  months in the custody of the BOP.  It turns out that both suggestions were ill-advised because the

22  maximum TSR that can be imposed on the charge in the Superseding Information to which the defendant

23  pled guilty  (a telephone count in violation of 21 U.S.C. § 843(b)) is one year.  18 U.S.C. §§  3559 and

24  3583.  Further, the government's suggested sentence probably could not legally be imposed because it

25  appears that a period of incarceration (as opposed to intermittent incarceration or home confinement)

26  //

27  //

28

1  cannot be imposed as a condition of probation under 18 U.S.C. § 3563.[1]  So, how do we

2  fix this?

3          Counsel have conferred with each other and with the Probation Office and suggest that the Court

4  impose a sentence of six months in custody of the Bureau of Prison, followed by a 5 month Term of

5  Supervised Release.   The reason for the requested shorter term of supervised release is that the

6  defendant, with the advice of his immigration attorney, believes that a total sentence of less than a year

7  (incarceration plus TSR) will substantially increase the likelihood that he will not be deported, which is a

8  main consideration of the defendant.[2]  In the normal case, the government would balk at the suggestion,

9  since post-release supervision is usually imperative both to insure the safety of the community and to

10  help the defendant's transition back into the community.  Here, however, as pointed out by the defendant

11  at the sentencing hearing, he has been on Pre-Trial supervision for four years and, according to ¶ 8 of the

12  PSR, has done so without incident and while maintaining regular employment.  The defendant will have

13  every incentive to avoid reverting to criminal activity while his immigration consequences are sorted out.

14  Thus, government counsel is inclined to agree with the request of defense counsel and recommend that

15  the Court impose a sentence of six months incarceration followed by five months of TSR (including all

16  the conditions stated at the sentencing hearing).

17          Therefore, the parties request that the sentence orally imposed in this case on August 5, 2014, be

18  amended, and that the final judgment as to this defendant reflect, that the defendant is sentenced to six

19  months in the custody of the U.S. Bureau of Prisons, with a Term of Supervised Release of 5 months to

20  follow after his release from custody, with all of the standard conditions and special conditions of TSR

21  orally imposed on August 5, 2014 to remain the same.  The parties waive whatever right might exist to

22  have a resentencing in open Court, since, in effect, this would simply reduce the period of the defendant's

23  TSR with the remainder of the sentence remaining the same.

24  //

25

26          [1] The "split-sentence" provision contained in 18 U.S.C. § 3651, used during the Pre-Sentencing
    Guideline days, was repealed around the time of the Sentencing Reform Act.   However, 18 U.S.C.
    § 3563(22) appears to be a catch all provision that might allow a court to impose a period of incarceration
27  as a condition to probation.

28          [2] Government counsel does not share defense counsel's optimism and expresses no opinion
    concerning the immigration consequences of the suggested sentence.

1  [Stip./Order Reducing Term of Supervised Release as to defendant Sanchez,  page three]

2

3  Dated:  August 13, 2014              BENJAMIN B. WAGNER
                                         U.S. Attorney

4                                         by  /s/ Richard J. Bender
                                       RICHARD J. BENDER

5                                       Assistant U.S. Attorney

6

7  Dated:  August 13, 2014                /s/ Edward Ramirez
                                       EDWARD RAMIREZ
                                       Attorney for Luis Eduardo Sanchez

8

9

10

11                                     O R D E R

12

13  It is so ORDERED,

14  This 19th  day of  August, 2014

15

16                         LAWRENCE K. KARLTON

17                         SENIOR JUDGE
                         UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28